**No. 25-4350**

---

**IN THE**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

SELINA KEENE, MELODY FOUNTILA,

Plaintiffs-Appellants,

and

MARK MCCLURE, APRIL MONEGAS, DAVID GOZUM, CHARLOTTE R SANDERS, THADDEUS SALEEM SHAHEED, JESSE MURILLO, RICARDO TREJO, PHILIPPE J CABRAL, DENISE ANGELINA DEBRUNNER, GREGORY EDWARD LATUS, PHILIP CHARLES HELMER, GERALD BURTON NEWBECK, JOHN LEONG, JONATHAN SHIROI TONG, ALICIA ANN WORTHINGTON, MIGUEL GONZALEZ, JOSEPH JOHN PORTA,

*(For Continuation of Caption See Inside Cover)*

---

On Appeal from the United States District Court
for the Northern District of California
Hon. Jeffrey S. White
Case No. 4:22-cv-01587-JSW

**DEFENDANT-APPELLEE'S RESPONSE TO PLAINTIFFS-APPELLANTS' BRIEF**

---

Michael D. Bruno, Bar No. 166805
mbruno@grsm.com
Pamela Y. Ng, Bar No. 273036
png@grsm.com
Mana Koleini, Bar No. 304381
mkoleini@grsm.com

GORDON REES SCULLY
MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant-Appellee
CITY AND COUNTY OF SAN
FRANCISCO

ROGER CORMIER MORSE, RUBEN ANTONIO AGUIRRE, RANDALL M. SOOHOO, JOHN PAYTON QUINLAN, ANTONIO LANDI, ANTHONY SRINIVAS, JOSE GUARDADO, MELISSA BORZONI, ANDREW MALONEY, PENNI EIGSTER, TARA AMADO, DANIELLE BOLOGNA, SARAH BADR, KIERA NOELLE O'SHEA, MARILYN TAYLOR, SUSAN RUTH DOWNS, ROBERT SETH GELLER, NOVIA CHANDRA-MADEJSKI, RUNJOHNYA BURGESS, KATRINA ANN MEIER, DEREK WRAY, WILLIAM DANIEL BRENNAN, EUGENIA MARIE CASTEEL, HECTOR MANUEL RODRIGUEZ, NORMA ANNE SEPULVEDA, HECTOR RODRIGUEZ, CHRISTOPHER JOSEPH KROL, MICHAEL JOHN BOUVIER, VALERIO JOSIF, DORIS NAUER, VIVIAN HYUN, ALDEN FRANCISCO BELLO, YOHEI KAKUDA, HEATHER SUSAN TYKS, VINCE BRYANT-TEASDALE, OLIVER SAMPSON HUGHES, JOHANNA JOSEPHA COBLE, JERRY WAYNE SCHULZE, ZHANGRUI NIE, MARCOS PALACIO, GENTA YOSHIKAWA, KENT NISHIMURA, SIMON CAN HUI YEP, CHRISTOPHER SMITH, GLEN RYAN IDETA, MATTHEW VINCENT JUAN, MICHAEL PATRICK BOURNE, DERELL RUTHERFORD, SUZANNE BORG, DENISE AREVALO, MEGAN BOYLE, ELIZABETH NG, SASA GALUEGA, PRISCILLA SAU LENH, ANDREA SALFITI, ERIC M. PRADO, PAUL GABRIEL JACOWITZ, JEFFREY STEVEN MILLER, RACHID AMGHAR, MICHAEL GLISSON, JR., LEROY L. VANCE, KEVIN ZAPANTA CONTRERAS, JOSEPH STEPHEN JACOWITZ, NATHAN SABLAN, DICKMAR NOVA RODAS, VICKI LYNN SOLLS DAVIS, MARIA MARCELA HODGERS, JOAQUIN VALLE, ATTILA MICHAEL FOTI, KEVIN BRESTON, ALEXANDER LAVROV, LENARD MORRIS, REGINALD BERNARD SNELGRO, ROBERT T. KRUGER, LUSIANA BARAJAS, NICOLE BOWMAN, ABBY MARA THRASHER, MONICA LISSETTE GUTIERREZ, ORCHID ZOE SOH, RONALD MICHAEL TOLENTINO, JESSICA LYNN JOHNSON, CORA HERMOSO, MEAGEN CAROLYN CLENDENEN, KARLYNE MICHELLE KONCZAL, LEONIDAS ROSALES ESCALANTE, JOSEPH JOHN CASTEEL, JUAN PABLO PONCIA, JOHN JOSEPH MULLEN, KAITLYN MICHELLE VALENCIA, OWEN GLEN BRANTLEY, NUBIA VARGAS, KRISTIN C. LAVELLE, DHEYANIRA E. CALAHORRANO, MEI MEI ZHU, KEVIN RUSSELL GUSTAFSON, MICHAEL ANTHONY SORINI, MARTIN JOSEPH WALSH, PATRICK GERARD DALY, REFUGIO J. GARCIA, RANDALL RAY GERHART, PATRICK FRANCIS MULLEN, TINA LOUISE SANCHEZ, WALTER SANTO VARO, SCOTT PEPITO, JAMES R. SUTHERLIN, RICHARD DAVID FIELDS, CHASE RODRIGUEZ, MICHAEL ROYCE, BHANU VIKRAM,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant-Appellee,

and

LONDON BREED, CAROL ISEN, SAN FRANCISCO PUBLIC LIBRARY, MICHAEL LAMBERT, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, LAWRENCE P. LINDISCH,

Defendants.

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 9

II. STATEMENT OF JURISDICTION ............................. 10

III. ISSUES PRESENTED FOR REVIEW ............................. 10

IV. STATEMENT OF THE CASE ............................. 11

A. Until now Appellants only briefed the issue of reinstatement, and this Court only considered and ordered reinstatement. ............................. 11

B. After claiming that the loss of their career was devastating, Appellants have forgone the opportunity to return to work. ............................. 13

V. STANDARD OF REVIEW ............................. 14

VI. ARGUMENT ............................. 15

A. The district court properly deferred any decision on back pay and other relief until this case is decided on its merits. ............................. 15

B. The district court did not abuse its discretion in denying equitable relief, such as back pay and other damages, because there are adequate remedies at law. ............................. 19

C. The district court's denial of Appellants' request for relief beyond reinstatement was not an abuse of discretion where Appellants did not previously request or brief any additional relief. ............................. 20

D. The district court's decision to grant Appellants' request for reinstatement was consistent with this Court's prior decision. ............................. 22

E. The district court did not abuse its discretion when it granted the City's administrative motion to strike. ............................. 23

VII. CONCLUSION ............................. 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albemarle Paper Co. v. Moody*,
422 U.S. 405 (1975) ........................................ 16

*All for the Wild Rockies v. Cottrell*,
632 F.3d 1127 (9th Cir. 2011) ........................................ 14

*Anderson v. General Dynamics Convair Aerospace Div.*,
589 F.2d 397 (9th Cir. 1978) ........................................ 16

*Anderson v. U.S.*,
612 F.2d 1112 (9th Cir. 1979) ........................................ 22

*In re Arthur Treacher's Franchisee Litig.*,
689 F.2d 1137 (3d Cir.1982) ........................................ 18

*Boardman v. Pacific Seafood Group*,
822 F.3d 1011 ........................................ 14

*Cedano-Viera v. Ashcroft*,
324 F.3d 1062 (9th Cir. 2003) ........................................ 24

*In re E.R. Fegert, Inc.*,
887 F.2d 955 (9th Cir.1989) ........................................ 20

*Earth Island Inst. v. Carlton*,
626 F.3d 462 (9th Cir.2010) ........................................ 14

*EEOC v. Chrysler Corp.*,
546 F. Supp. 54 (E.D.Mich.1982) ........................................ 17

*Franklin v. Gwinnett Cty. Pub. Sch.*,
503 U.S. 60 (1992) ........................................ 19

*Franks v. Bowman Transp. Co.*,
424 U.S. 747 (1976) ........................................ 16

*Friedman v. Friedman*,
20 Cal.App.4th 876 (1993) ........................................ 22

*Harris Bd. of Supervisors, Los Angeles Cnty.*,
366 F.3d 754 (9th Cir. 2004) ....................14

*Heil Trailer Int'l Co. v. Kula*,
542 F. App'x 329 (5th Cir. 2013) (per curiam) ....................21

*High Sierra Hikers Ass'n v. Blackwell*,
390 F.3d 630 (9th Cir.2004) ....................14

*Johnson v. Spencer Press of Maine, Inc.*,
364 F.3d 368 (1st Cir 2004) ....................15

*Lands Council v. McNair*,
537 F.3d 981 (9th Cir. 2008) (en banc) ....................14

*Lutz v. Glendale Union High School*,
403 F.3d 1061 (9th Cir. 2005) ....................19

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) ....................17

*U.S. ex rel. Meyer v. Horizon Health Corp.*,
565 F.3d 1195 (9th Cir. 2009) ....................23

*Opuku-Boateng v. State of Cal.*,
95 F.3d 1461 (9th Cir. 1996) ....................16

*Schroeder v. United States*,
569 F.3d 956 (9th Cir. 2009) ....................19

*Sierra On-Line, Inc. v. Phoenix Software, Inc.*,
739 F.2d 1415 (9th Cir. 1984) ....................17

*Sports Form, Inc. v. United Press Int'l, Inc.*,
686 F.2d 750 (9th Cir. 1982) ....................17

*Stanley v. University of Southern Cal.*,
13 F.3d 1313 (9th Cir. 1994) ....................22

*Sw. Voter Registration Educ. Project v. Shelley*,
344 F.3d 914 (9th Cir. 2003) (en banc) ....................14

*System 99 v. System 101*,
35 Cal.App.3d 170 (1973) ....................16

*Thurman v. Yellow Freight Systs., Inc.*,
90 F.3d 1160 (6th Cir. 1996) ....................16

*Tovar v. USPS*,
3 F.3d 1271 (9th Cir. 1993) ....................23

*Townsend v. Monster Beverage Corporation*,
303 F.Supp.3d 1010 (9th Cir. 2018) ....................23

*U.S. v. Rearden*,
349 F.3d 608 (9th Cir. 2003) ....................23

*U.S. v. W.R. Grace*,
526 F.3d 499 (9th Cir. 2008) ....................25

*University of Texas v. Camenisch*,
451 U.S. 390 (1981) ....................10, 16

*Winter v. Natural Resources Defense Council, Inc.*,
555 U.S. 7 (2008) ....................14, 16, 21

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007) ....................24

**Statutes**

42 U.S.C. § 2000e-5(g) ....................15

42 U.S.C. § 2000e-2000e-17 ....................9, 11, 15, 16, 19

**Rules**

Fed. R. Civ. P. 12 ....................24

Fed. R. Civ. P. 12(f) ....................24

Northern District Local Rule 7-11 ....................25

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

The district court properly exercised its discretion when it denied Appellants Selina Keene and Melody Fountila's request for relief beyond reinstatement.

Appellants retired from their jobs working for the City and County of San Francisco ("the City") after denial of their requests for medical and religious exemptions from the City's COVID-19 employee vaccination policy. Appellants sued, asserting religious discrimination claims under Title VII and the Fair Employment and Housing Act ("FEHA"), and then sought a mandatory preliminary injunction.

On January 30, 2025, this Court granted the only relief that Appellants briefed in their Motion for Preliminary Injunction and subsequent papers: reinstatement. Notwithstanding their prior representations that they would lose their "careers" absent injunctive relief, Appellants declined to return to work or otherwise accept reinstatement. Instead, Appellants asked the district court for a rash of new relief that requires decisions on the merits: back pay, raises, service credit to their pension plans, vacation and sick 'comp' time lost, interest on these monetary damages, full seniority, and all damages lessened by a deduction for their mitigation of damages, including all taxable amounts earned to substitute or replacement employment or business activity.

The district court denied Appellants' request for additional relief for two

reasons. First, the type of relief now being requested by Appellants is only appropriate after a decision on the merits of their claims. A preliminary injunction is not a determination on the merits, and once granted, serves "merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Second, Appellants' Motion for Preliminary Injunction *only* requested reinstatement to their former positions with the City; they never requested or briefed the issue of back pay, full seniority, service credit, raises, or any of the other relief now being sought. As such, relief beyond reinstatement was never part of the consideration before this Court, was not part of the record, and was not ordered on remand. The Court's mandate only addressed reinstatement.

For these reasons, set forth more fully below, this Court should affirm the district court. The law and practical concerns support the denial of Appellants' request for relief beyond reinstatement.

## II. STATEMENT OF JURISDICTION

The City agrees this Court has jurisdiction over this interlocutory appeal.

## III. ISSUES PRESENTED FOR REVIEW

**1.** Did the district court abuse its discretion when it denied Appellants' request for additional relief beyond reinstatement, when reinstatement is the only remedy Appellants briefed in their Motion for Preliminary Injunction and

the only relief this Court granted?

**2.** Did the district court abuse its discretion when it granted the City's Motion to Strike Portions of Appellants' Reply Brief Regarding Back Pay, or, in the Alternative, for Leave to File a Response when Appellants raised new evidence for the first time in their Reply?

## IV. STATEMENT OF THE CASE

### A. Until now Appellants only briefed the issue of reinstatement, and this Court only considered and ordered reinstatement.

On May 14, 2022, Appellants Selina Keene and Melody Fountila filed their Complaint, asserting religious discrimination claims under Title VII and FEHA. 2-ER-262. On May 23, 2022, Appellants filed a Motion for Preliminary Injunction asking the district court to grant their reinstatement "either by mandating that [the City] accommodate Plaintiffs by requiring them to wear masks, test often, and wear PPE, or by mandating that [the City] allow Plaintiffs to telecommute to work, just as they did during the height of the pandemic." 2-ER-144—160 at 158. In all of the papers Appellants subsequently filed with the district court and with this Court related to the preliminary injunction, the only relief they sought was reinstatement to their former positions with the City. SER 6—13; Appellee's Request for Judicial Notice Exhibits 1-4. Indeed, this Court's Memorandum, dated January 30, 2025, only considered and therefore only granted Appellants' reinstatement. 2-ER-107—

114.

On March 24, 2025, Appellants filed a Motion to Enter an Order Pursuant to the Ninth Circuit's Mandate. 2-ER-94—101. In that motion, for the first time, Appellants requested back pay, raises, service credit and payment to their pensions, vacation, sick, and 'comp' time lost, interest on these monetary damages, full seniority, and all damages lessened by a deduction for Plaintiffs' mitigation of damages, including all taxable amounts earned to substitute or replacement employment or business activity. *Ibid*. The district court granted Appellants' Motion to Enter an Order in part by granting reinstatement but requested further briefing on the issue of the additional measures of relief newly sought by Appellants. 2-ER-84—86.[1]

On May 9, 2025, Appellants filed their additional briefing on the issue of the relief sought. 2-ER-69—79. Following what has seemingly become their practice, in that briefing, Appellants asked for even further relief beyond what had been requested in their Motion to Enter an Order Pursuant to the Ninth Circuit's Mandate, namely tax "gross ups," cost of living adjustments, and increases to benefits. *Ibid*. Moreover, and contrary to the district court's Order, Appellants did not provide any

---

[1] At that time, counsel for the City wrote to Appellants' counsel to discuss Appellants' reinstatement, but Appellants' counsel was not interested in such a discussion unless the City agreed to provide additional measures of damages, as listed above, beyond reinstatement. 2-ER-17—18.

damages calculations but instead stated "exact amounts are not necessary at this time." *Ibid*. Appellants did not state that they needed additional time to provide specific calculations because their experts were unavailable.

Appellants provided damage calculations for the first time in their Reply, where it is inappropriate to present new information. *Ibid*.; 2-ER-26—61. The City thus moved to strike certain portions of Appellants' Reply that contained new evidence, and the district court granted the motion. 2-ER-13; 1-ER-4—5.

**B. After claiming that the loss of their career was devastating, Appellants have forgone the opportunity to return to work.**

On June 27, 2025, the City sent a letter to each Appellant regarding their reinstatement. *See* Russel Davis Decl. re Appellants Motion to Supplement Record, Exhibit 1. To resume employment with the City, Appellants had to be fingerprinted and re-enrolled in the DOJ's Subsequent Notification Program so the City could receive information about subsequent arrests or convictions. *Ibid*. Appellants also had to participate in a refresher training since policies, procedures, and systems related to their roles have changed since they last worked for the City. *Ibid*. These are very standard procedures that are equally applied to all City employees and in line with reinstating Appellants to their former positions. Appellants have declined to be reinstated. 2-ER-17— 18.

## V. STANDARD OF REVIEW

"District courts have broad latitude in fashioning equitable relief when necessary to remedy an established wrong." *Earth Island Inst. v. Carlton*, 626 F.3d 462, 475 (9th Cir.2010) (quoting *High Sierra Hikers Ass'n v. Blackwell*, 390 F.3d 630, 641 (9th Cir.2004)) (internal quotation marks omitted). Accordingly, preliminary injunctive relief granted by a district court is reviewed for abuse of discretion. *See Boardman v. Pacific Seafood Group*, 822 F.3d 1011, 1024 (9th Cir. 2016). In exercising that discretion, the district court must be careful to balance the competing claims of injury. *Earth Island Ins.*, 626 F.3d at 475 (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).)

Abuse of discretion review is "limited and deferential." *Harris Bd. of Supervisors, Los Angeles Cnty.*, 366 F.3d 754, 760 (9th Cir. 2004) (quoting *Sw. Voter Registration Educ. Project v. Shelley*, 344 F.3d 914, 918 (9th Cir. 2003) (en banc). An abuse of discretion will be found only "if the district court based its decision 'on an erroneous legal standard or clearly erroneous finding of fact.'" *All for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Lands Council v. McNair*, 537 F.3d 981, 986 (9th Cir. 2008) (en banc). The Court "will not reverse the district court where it 'got the law right,' even if [the reviewing court] 'would have arrived at a different result,' so long as the district court did not clearly err in its factual determinations." *Id.* (citations omitted).

# VI. ARGUMENT

## A. The district court properly deferred any decision on back pay and other relief until this case is decided on its merits.

The district court did not abuse its discretion in declining to provide injunctive relief other than reinstatement because Appellants' request for other relief was premature. Back pay and the other relief requested by Appellants may only be awarded after there is a decision on the merits.

Under Title VII, plaintiffs are entitled to back pay *if* there is a finding that the employer intentionally engaged in an unlawful employment practice. 42 U.S.C. 2000e-5(g). Appellants cite no authority that would support the granting of their additional requested relief upon a successful motion for preliminary injunction. Indeed, all of the cases that Appellants cite discuss back pay *after* a judge or jury decided the case on the merits and found discrimination, and thus liability, on the part of the defendant. For example, in *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 379 (1st Cir 2004), the appellate court found that after a jury verdict, the district court erred in permanently cutting off the employee's ability to receive further back pay once he was fired for misconduct from the position he took after leaving the discriminatory employer, based on his failure to mitigate damages.

Appellants' brief acknowledges this, citing "back pay is therefore a presumptive entitlement of a plaintiff who successfully prosecutes an employment discrimination case." *See also Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 (1975) (back pay discussed in context of jury trial); *Thurman v. Yellow Freight Systs., Inc.*, 90 F.3d 1160, 1171 (6th Cir. 1996) (back pay, costs, and attorney fees awarded after finding of liability in bench trial); *Anderson v. General Dynamics Convair Aerospace Div.*, 589 F.2d 397, 399 (9th Cir. 1978) (relief discussed in context of bench trial); *Opuku-Boateng v. State of Cal.*, 95 F.3d 1461, 1467 (9th Cir. 1996) (relief discussed in context of trial); *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 764 (1976) (relief discussed in context of trial). There has been no such finding of liability here.

To obtain a preliminary injunction, a plaintiff need only show that she is "likely to succeed on the merits." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, this Court found that Appellants showed a strong *likelihood* of success on the merits under both Title VII and FEHA but a likelihood of success is not the same as actual success. 2-ER-107—114. The idea that a preliminary injunction is not a determination on the merits is consistent with the purpose of a preliminary injunction, which "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *System 99 v. System 101*, 35 Cal.App.3d 170, 173 (1973) ("The granting or denial of a preliminary injunction does not amount

to an adjudication of the ultimate rights in controversy.") Here, the case has not been decided on the merits and liability has not been found; thus the award of back pay and other additional relief is premature and inappropriate at this stage.

Further, a preliminary injunction is an inappropriate vehicle for a determination on the merits. A preliminary injunction is "not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (citation omitted, emphasis added). Courts have recognized that an appellate court's review of a preliminary injunction is limited to "the law applied by the district court and because the fully developed factual record may be materially different from that initially before the district court, [the] disposition of appeals from most preliminary injunctions may provide little guidance as to the appropriate disposition on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 876–77 (9th Cir. 2009) (emphasis added) (*citing Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753 (9th Cir. 1982)). As such, Appellants only need to be reinstated. Back pay and other relief must be decided if they prevail at trial.

While there is no Ninth Circuit opinion directly on point, other circuits' have found that back pay and relief other than actual reinstatement are not available at the preliminary injunction phase. *EEOC v. Chrysler Corp.*, 546 F. Supp. 54,

72 (E.D.Mich.1982) (EEOC sought relief in addition to reinstatement at the preliminary injunction stage including back pay, with interest, and the court ruled that such relief should not be ordered until the final determination); *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3rd Cir.1982) ("We are satisfied that a preliminary injunction which ordered the payment of monies where the underlying contract is disputed, misconceives the equitable nature and purpose of an injunctive proceeding. By ordering A&B to pay past royalties, the district court granted Arthur Treacher's virtually all of the damages that it sought in its complaint and did so at a preliminary stage when no final adjudication was possible. In so doing, the district court erred.")

The back pay and additional relief which Appellants seek, in addition to reinstatement, are more appropriately determined at final judgment, not at this stage in the proceedings when there has been no finding of liability. Moreover, awarding such relief now makes little practical sense. For example, if the City prevails at trial on a fully developed record and there is no finding of discrimination and thus no liability, will Appellants reimburse the City for the years of back pay, raises, etc. that they are requesting now? Common sense and the law dictate that Appellants should be reinstated to preserve the relative positions of the parties until a trial on the merits can be held, at which time back pay and other measures of damages can be considered, if necessary.

### B. The district court did not abuse its discretion in denying equitable relief, such as back pay and other damages, because there are adequate remedies at law.

The district court properly exercised its discretion to deny Appellants' request for additional equitable relief because there are adequate remedies at law.

For the purposes of Title VII, back pay is an equitable remedy. *Lutz v. Glendale Union High School* (9th Cir. 2005) 403 F.3d 1061, 1069. Yet, courts do not grant equitable relief when there is an adequate remedy at law. *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992) (holding that when "remedies are equitable in nature . . . it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief"); *Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law.")

Here, Appellants acknowledge that adequate remedies at law exist. Specifically, they concede that they would be entitled to back pay and any other "damages [that] tend to make them whole" if they prevail at trial. 2-ER-74. Because Appellants have an adequate remedy at law to recover their back pay and the other requested relief if they prevail at a trial on the merits, the Court should not grant them this relief at this stage,

Appellants appear to suggest reinstatement alone is an inadequate remedy,

even though that was the only relief Appellants sought in their preliminary injunction motion and on appeal to this Court. 2-ER-144—160; SER 6—13; Appellee's Request for Judicial Notice Exhibits 1-4. Notwithstanding that they previously represented that all they wanted was to get their careers back, Appellants have declined to accept reinstatement, even after the City invited them to come back to work. *See* Russel Davis Decl. re Appellants Motion to Supplement Record, Exhibit 1; 2-ER-17— 18. Appellants raise the issue of the City offering to "rehire" them as opposed to "reinstating" them. First, Appellants did not raise this issue in the district court and therefore cannot raise it on appeal. *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir.1989). Second, the City clearly offered them reinstatement per this Court's mandate and the district Court's subsequent order. *See* Russel Davis Decl. re Appellants Motion to Supplement Record, Exhibit 1.

**C. The district court's denial of Appellants' request for relief beyond reinstatement was not an abuse of discretion where Appellants did not previously request or brief any additional relief.**

Appellants' request for backpay and other relief fails for the additional reason that they never sought such relief when they briefed their motion for a preliminary injunction. It strains credulity that the district court abused its broad discretion to fashion preliminary injunctive relief when it granted Appellants reinstatement -- the very relief they sought in their initial briefing on their request for a preliminary

injunction and the only relief that Appellants represented was necessary to avoid the irreparable harm they claimed would have resulted in the absence of a preliminary injunction.

A motion for injunction requires courts to "determine if the balance of the hardship favors the party seeking the injunction" and requires a court to consider "the competing claims of injury and … the effect on each party of the granting or withholding of the **requested** relief." *Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329, 336 (5th Cir. 2013) (per curiam) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)) (emphasis added).

As such, the success of Appellants' motion for injunctive relief required an analysis of the **requested** relief, and the requested relief was reinstatement to remedy what they alleged was the irreparable injury of the loss of their careers. In the motion for preliminary injunction that Appellants first filed with the district court in May 2022, they represented that the harm to be addressed was the purported loss of their careers. 2-ER-144—160. Specifically, Appellants argued to the district court: "Unless this request for injunction is granted, Plaintiffs' life goals of helping people obtain employment will fall by the wayside due to the indifference of their employer." *Id.* at 160. Likewise, when they appealed the district court's initial decision on their motion, Appellants represented to the Court that they were only seeking to be rehired; they never briefed or requested back pay, full seniority, service credit, raises,

or any of the new relief now being sought. SER 6—13; Appellee's Request for Judicial Notice Exhibits 1-4.

As such, the district court did abuse its broad discretion by granting Plaintiff's the very relief they claimed was necessary to restore them to the status quo and remedy the purported irreparable harm that Appellants claimed necessitated the grant of a preliminary injunction.

**D. The district court's decision to grant Appellants' request for reinstatement was consistent with this Court's prior decision.**

Nor can Appellants credibly claim that the injunctive relief granted by the district court is inconsistent with this Court's prior decisions.

While Appellants claimed, and this Court agreed, that the loss of a career constituted an irreparable injury that warranted a preliminary injunction, Appellants did not and could not argue that they were entitled to preliminary injunctive relief to remedy the denial of their new request for back pay and related relief. *See Anderson v. U.S.*, 612 F.2d 1112, 1116 (9th Cir. 1979) (holding that an injunction was an inappropriate remedy where plaintiff could be promoted retroactively and compensated in damages and back pay if she succeeds on the merits); *Stanley v. University of Southern Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (affirming denial of the plaintiff's motion for preliminary injunction, the court held in part that "[t]o the extent that Coach Stanley is seeking money damages and back pay for the loss of

her job, her remedy at law is adequate."); *Friedman v. Friedman*, 20 Cal.App.4th 876, 890 (1993) ("monetary loss does not constitute irreparable harm" unless the amounts are unrecoverable).

The new relief Appellants now seek was not part of this Court's analysis and therefore not part of its order. Accordingly, the district court did not violate this Court's prior order when denying Appellants the new relief they seek.

**E. The district court did not abuse its discretion when it granted the City's administrative motion to strike.**

The district court properly granted the City's Motion to Strike Portions of Appellants' Reply Brief Regarding Back Pay, or, in the Alternative, for Leave to File a Response because Appellants presented new evidence in the form of an expert declaration regarding damages for the first time in their Reply.

Generally, "reply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Townsend v. Monster Beverage Corporation*, 303 F.Supp.3d 1010, 1027 (9th Cir. 2018). New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond. *Ibid*. Courts have declined to consider new issues or evidence raised for the first time in reply. *Tovar v. USPS*, 3 F.3d 1271, 1289 at fn. 3 (9th Cir. 1993); *U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (not considering new arguments contained in a reply

brief); *U.S. v. Rearden*, 349 F.3d 608, 614 n.2 (9th Cir. 2003) ("We decline to consider Rearden's argument...because it is raised for the first time in reply."); *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief.") Where the moving party presents new matters for the first time in a reply brief, the Court may refuse to consider the new matters. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

Appellants requested back pay, raises, service credit and payment to their pensions; vacation, sick time, and 'comp' time lost, and other relief beyond reinstatement for the first time in their Motion to Enter an Order Pursuant to the Ninth Circuit's Mandate. 2-ER-94. The district court thus requested further briefing on the issue of additional measures of relief newly sought by Appellants. 2-ER-84. Appellants filed their additional briefing but did not include damages calculations, despite the district court's clear instruction to do so. 2-ER-69-79. Appellants did not request more time to provide calculations. *Ibid*. Instead, they provided damage calculations for the first time on Reply, thus preventing the City from responding to those calculations. 2-ER-34. The City filed an Administrative Motion to Strike Portions of Appellants' Reply Brief Regarding Back Pay, or, in the Alternative, for Leave to File a Response. 2-ER-13. The district court properly struck those portions of Appellants' Reply that contained completely new information. 1-ER-4-5.

Appellants incorrectly argue that Rule 12(f) of the Federal Rule of Civil Procedure governs a motion to strike in this case. Rule 12 pertains to pleadings, not motions. Further, contrary to Appellants' contentions, the City properly raised Appellants improper reply evidence through a motion for administrative relief. Northern District Local Rule 7-11 allows parties to file such motions to address "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." Motions to strike evidence submitted for the first time on reply is the type of miscellaneous administrative matter that the court addresses through such motions. It is also well established that district courts have inherent power to "control their dockets," as well as inherent powers "enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders." *U.S. v. W.R. Grace* (9th Cir. 2008) 526 F.3d 499, 509. Here, the district court's decision to grant the City's motion to strike was an appropriate exercise of that inherent power. Appellants were attempting to introduce new evidence on reply, thereby depriving the City of an opportunity to respond. The district court properly struck references to this new evidence.

In any event, if the Court's decision to strike new evidence introduced on reply was erroneous (it was not), any error was harmless. There was no need for the district court to consider Appellants' new damages calculations, as it properly determined

that Appellants' request for backpay and other relief was premature.

## VII. CONCLUSION

For these reasons, this Court should affirm.

Dated: November 4, 2025

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Mana Koleini

Michael D. Bruno, Bar No. 166805
mbruno@grsm.com
Pamela Y. Ng, Bar No. 273036
png@grsm.com
Mana Koleini, Bar No. 304381
mkoleini@grsm.com
315 Pacific Avenue
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054
Attorneys for Defendant-Appellee
CITY AND COUNTY OF SAN FRANCISCO

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document entitled:

**DEFENDANT-APPELLEE'S RESPONSE TO PLAINTIFFS-APPLELLANT'S BRIEF**

with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on November 4, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/Vanessa Santellan*
Vanessa Santellan