No. 25-4350

# United States Court of Appeals for the Ninth Circuit

SELINA KEENE; MELODY FOUNTILA,

*Plaintiffs-Appellants,*

– and –

MARK MCCLURE, APRIL MONEGAS, DAVID GOZUM, CHARLOTTE R SANDERS, THADDEUS SALEEM SHAHEED, JESSE MURILLO, RICARDO TREJO, PHILIPPE J CABRAL, DENISE ANGELINA DEBRUNNER, GREGORY EDWARD LATUS, PHILIP CHARLES HELMER, GERALD BURTON NEWBECK, JOHN LEONG, JONATHAN SHIROI TONG, ALICIA ANN WORTHINGTON, MIGUEL GONZALEZ, JOSEPH JOHN PORTA,

*(For Continuation of Caption See Inside Cover)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA IN CASE NO. 4:22-CV-01587-JSW, JEFFREY S. WHITE, DISTRICT JUDGE

## REPLY BRIEF FOR PLAINTIFFS-APPELLANTS

RUSSELL M. DAVIS
LAW OFFICES OF RUSSELL M. DAVIS
29 Lakewood Avenue
San Francisco, California 94127
(415) 310-6575
loanhound@sbcglobal.net

KEVIN T. SNIDER
PACIFIC JUSTICE INSTITUTE
9851 Horn Road, Suite 115
Sacramento, California 95827
(916) 857-6900
ksnider@pji.org

*Attorneys for Plaintiffs-Appellants Selina Keene and Melody Fountila*

CP COUNSEL PRESS (800) 4-APPEAL • (715345)

ROGER CORMIER MORSE, RUBEN ANTONIO AGUIRRE, RANDALL M. SOOHOO, JOHN PAYTON QUINLAN, ANTONIO LANDI, ANTHONY SRINIVAS, JOSE GUARDADO, MELISSA BORZONI, ANDREW MALONEY, PENNI EIGSTER, TARA AMADO, DANIELLE BOLOGNA, SARAH BADR, KIERA NOELLE O'SHEA, MARILYN TAYLOR, SUSAN RUTH DOWNS, ROBERT SETH GELLER, NOVIA CHANDRA-MADEJSKI, RUNJOHNYA BURGESS, KATRINA ANN MEIER, DEREK WRAY, WILLIAM DANIEL BRENNAN, EUGENIA MARIE CASTEEL, HECTOR MANUEL RODRIGUEZ, NORMA ANNE SEPULVEDA, HECTOR RODRIGUEZ, CHRISTOPHER JOSEPH KROL, MICHAEL JOHN BOUVIER, VALERIO JOSIF, DORIS NAUER, VIVIAN HYUN, ALDEN FRANCISCO BELLO, YOHEI KAKUDA, HEATHER SUSAN TYKS, VINCE BRYANT-TEASDALE, OLIVER SAMPSON HUGHES, JOHANNA JOSEPHA COBLE, JERRY WAYNE SCHULZE, ZHANGRUI NIE, MARCOS PALACIO, GENTA YOSHIKAWA, KENT NISHIMURA, SIMON CAN HUI YEP, CHRISTOPHER SMITH, GLEN RYAN IDETA, MATTHEW VINCENT JUAN, MICHAEL PATRICK BOURNE, DERELL RUTHERFORD, SUZANNE BORG, DENISE AREVALO, MEGAN BOYLE, ELIZABETH NG, SASA GALUEGA, PRISCILLA SAU LENH, ANDREA SALFITI, ERIC M. PRADO, PAUL GABRIEL JACOWITZ, JEFFREY STEVEN MILLER, RACHID AMGHAR, MICHAEL GLISSON, JR., LEROY L. VANCE, KEVIN ZAPANTA CONTRERAS, JOSEPH STEPHEN JACOWITZ, NATHAN SABLAN, DICKMAR NOVA RODAS, VICKI LYNN SOLLS DAVIS, MARIA MARCELA HODGERS, JOAQUIN VALLE, ATTILA MICHAEL FOTI, KEVIN BRESTON, ALEXANDER LAVROV, LENARD MORRIS, REGINALD BERNARD SNELGRO, ROBERT T. KRUGER, LUSIANA BARAJAS, NICOLE BOWMAN, ABBY MARA THRASHER, MONICA LISSETTE GUTIERREZ, ORCHID ZOE SOH, RONALD MICHAEL TOLENTINO, JESSICA LYNN JOHNSON, CORA HERMOSO, MEAGEN CAROLYN CLENDENEN, KARLYNE MICHELLE KONCZAL, LEONIDAS ROSALES ESCALANTE, JOSEPH JOHN CASTEEL, JUAN PABLO PONCIA, JOHN JOSEPH MULLEN, KAITLYN MICHELLE VALENCIA, OWEN GLEN BRANTLEY, NUBIA VARGAS, KRISTIN C. LAVELLE, DHEYANIRA E. CALAHORRANO, MEI MEI ZHU, KEVIN RUSSELL GUSTAFSON, MICHAEL ANTHONY SORINI, MARTIN JOSEPH WALSH, PATRICK GERARD DALY, REFUGIO J. GARCIA, RANDALL RAY GERHART, PATRICK FRANCIS MULLEN, TINA LOUISE SANCHEZ, WALTER SANTO VARO, SCOTT PEPITO, JAMES R. SUTHERLIN, RICHARD DAVID FIELDS, CHASE RODRIGUEZ, MICHAEL ROYCE, BHANU VIKRAM,

*Plaintiffs,*

– v. –

CITY AND COUNTY OF SAN FRANCISCO,

*Defendant-Appellee,*

– and –

LONDON BREED, CAROL ISEN, SAN FRANCISCO PUBLIC LIBRARY, MICHAEL LAMBERT, SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH, LAWRENCE P. LINDISCH,

*Defendants*.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................ iv

ARGUMENT ........................................................ 1

I. The Appellants' Motion for Preliminary Injunction was filed on May 23, 2022. But for the district court's abuse of discretion, this matter would not be before this Court at this time. The costs of delay in this matter are to be borne by the Appellee. The court is obligated to fashion the most complete relief possible, which would naturally include back pay, etc. ........................ 1

A. But for the district court's erroneous rulings, the Appellants would have been back to work and earning their pay from September 23, 2022 ........................................ 1

B. Delays not attributable to either the employer or the employee are to be borne by a wrongdoing employer rather than a wronged employee ........................................ 1

C. Title VII obligates the Court to fashion the most complete relief possible ........................................ 2

II. Deciding the equitable issues is not the end of the Appellants' claims. There will be no prejudice to the Appellee if Appellants are awarded back pay. The Appellee is confused over the difference between equitable and legal claims. The Appellee has conceded that back pay is an equitable claim. Equitable claims are tried to the court ........................................ 3

A. There is no prejudice to the Appellee if Appellants are awarded back pay ........................................ 3

B. The Appellee is confused over the difference between equitable and legal claims and remedies. Compensatory damages remain and must be tried ........................................ 3

C. Equitable claims are tried to the court........................................ 4

D. The Appellee concedes that under Title VII, back pay is an

equitable remedy ..................................................................... 4

III. The "law of the case" doctrine and its application herein............... 5

A. The "law of the case" doctrine ................................................. 5

B. The "law of the case" doctrine applies herein........................... 5

IV. The Appellee has misrepresented facts .......................................... 8

A. Appellants did request backpay and invoked the court's equitable jurisdiction. The Chancellor in equity has an independent duty to render the appropriate relief ...................... 8

B. Appellee states that Appellants did not ask for additional time to provide specific calculations, thereby proving they did not read the supplemental brief and declarations, or that they are continuing to make up facts......................................... 9

V. The merits of the Appellants' case have already been decided. The law of the case applies. There is authority for back pay being paid after a preliminary injunction ..................................... 10

A. The Appellants' case for back pay has been prosecuted .......... 10

B. Authority supports back pay is due after a preliminary injunction is granted ................................................................ 12

VI. The Appellants' citations are inapposite. They do not concern Title VII and religious liberties ..................................................... 14

VII. The court abused its discretion by granting an administrative motion to strike. Appellee failed to cite authority that Local Rule 7-11 can be used to strike a substantive matter .................... 20

A. Local Rule 7-11 ...................................................................... 20

B. Appellee has failed to cite authority regarding the use of Local Rule 7-11 to strike evidence.......................................... 20

CONCLUSION.......................................................................................... 21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

### Cases

*Albemarle Paper Co. v. Moody*,
422 U.S. 405 (1975) .......... 2, 4, 19

*Anderson v. United States*,
612 F.2d 1112 (9th Cir. 1979) .......... 14

*Arizona v. California*,
460 U.S. 605 (1983) .......... 5

*Armstrong v. Capshaw, Goss & Bowers, LLP*,
404 F.3d 933 (5th Cir. 2005) .......... 8

*Barnes v. Rourke*,
No. 6352, 1973 U.S. Dist. LEXIS 14362
(M.D. Tenn. April 12, 1973) .......... 12, 13

*Barrett v. Smith*,
530 F.2d 829 (9th Cir. 1975) .......... 16

*Bollenbach v. Board of Education*,
659 F. Supp. 1450 (S.D.N.Y. 1987) .......... 13

*Borst v. Chevron Corp.*,
36 F.3d 1308 (5th Cir. 1994) .......... 12

*Bros, Inc. v. W. E. Grace Mfg. Co.*,
320 F.2d 594 (5th Cir. 1963) .......... 7

*Cedano-Viera v. Ashcroft*,
324 F.3d 1062 (9th Cir. 2003) .......... 9

*Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*,
494 U.S. 558 (1990) .......... 13

*Davis v. Passman*,
442 U.S. 228 (1979) .......... 19

*Davis v. San Francisco Municipal Railway*,
No. C 75 2077 SW, 1975 U.S. Dist. LEXIS 16947
(N.D. Cal. Dec. 8, 1975) .......... 12

*Earl Old Person v. Brown*,
312 F.3d 1036 (9th Cir. 2002) .......... 5

*Edwards v. City of Houston*,
78 F.3d 983 (5th Cir. 1996) .......... 7

*EEOC v. Chrysler Corp.*,
546 F. Supp. 54 (E.D. Mich. 1982) .......... 18

*Foman v. Davis*,
371 U.S. 178 (1962) .......... 7

*Ford Motor Co. v. E.E.O.C.*,
458 U.S. 219 (1982) .......... 2

*Franklin v. Gwinnett County Pub. Sch.*,
503 U.S. 60 (1992) .......... 18, 19

*Franks v. Bowman Transp. Co.*,
424 U.S. 747 (1976) .......... 16

*Harkless v. Sweeny Indep. Sch. Dist.*,
427 F.2d 319 (5th Cir. 1970) .......... 13

*Heil Trailer Int'l Co. v. Kula*,
542 F. App'x 329 (5th Cir. 2013) .......... 14

*In re Arthur Treacher's Franchisee Litigation*,
689 F.2d 1137 (3d Cir. 1982) .......... 18

*Keene v. CCSF*,
2023 U.S. App. LEXIS 11807 (9th Cir. May 15, 2023) .......... 5, 17

*Keene v. CCSF*,
2025 U.S. App. LEXIS 2105 (9th Cir. Jan. 30, 2025) .......... 6, 8, 17

*Kraszewski v. State Farm Gen. Ins. Co.*,
912 F.2d 1182 (9th Cir. 1990) .................................................................. 1

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
571 F.3d 873 (9th Cir. 2009) ............................................................ 16, 17

*N.L.R.B. v. J.H. Rutter-Rex Manufacturing Co.*,
396 U.S. 258 (1969) ........................................................................ 1, 2

*Pegues v. Mississippi State Employment Service*,
899 F.2d 1449 (5th Cir. 1990) ................................................................ 12

*Planned Parenthood of Greater Wash. v. United States HHS*,
946 F.3d 1100 (9th Cir. 2020) .............................................................. 7, 8

*Reeb v. Ohio Dep't of Rehabilitation & Corr.*,
435 F.3d 639 (6th Cir. 2006) .................................................................... 3

*Robinson v. Lorillard Corp.*,
444 F.2d 791 (4th Cir. 1971) .................................................................... 9

*Schelske v. Austin*,
No. 6:22-CV-049-H, 2023 U.S. Dist. LEXIS 163101
(N.D. Tex. Sep. 14, 2023) ...................................................................... 13

*Schroeder v. United States*,
569 F.3d 956 (9th Cir. 2009) .................................................................. 19

*Sierra On-line, Inc. v. Phoenix Software, Inc.*,
739 F.2d 1415 (9th Cir. 1984) .......................................................... 15, 16

*Sports Form, Inc. v. United Press International, Inc.*,
686 F.2d 750 (9th Cir. 1982) .................................................................. 17

*System 99 v. System 101*,
35 Cal. App. 3d 170 (1973) ...................................................................... 15

*Thomas v. Bible*,
983 F.2d 152 (9th Cir. 1993), *cert. denied*, 508 U.S. 951 (1993) ............. 5

*Turf Paradise, Inc. v. Ariz. Downs*,
670 F.2d 813 (9th Cir. 1982) .......... 7

*Tuttle v. Sky Bell Asset Mgmt., LLC*,
No. C 10-03588 WHA, 2011 U.S. Dist. LEXIS 25048
(N.D. Cal. Feb. 28, 2011) .......... 21

*United States v. Alexander*,
106 F.3d 874 (9th Cir. 1997) .......... 5

*Univ. of Tex. v. Camenisch*,
451 U.S. 390 (1981) .......... 15

*Winter v. Natural Resources Defense Council, Inc.*,
555 U.S. 7 (2008) .......... 14

**Constitutions, Statutes, and Rules**

20 U.S.C. §1681 (Title IX) .......... 18, 19

28 U.S.C. § 1292(a)(1) .......... 16

29 U.S.C. § 141 et seq .......... 2

42 U.S.C. § 2000e et seq. (Title VII) .......... *passim*

42 U.S.C. § 2000e-5(g) .......... 13, 19

42 U.S.C. § 2000e-5(g)(1) .......... 16

Fed. R. Civ. Proc., Rule 1 .......... 7

Local Rule 7-11 .......... 10, 20, 21

# ARGUMENT

## I. The Appellants' Motion for Preliminary Injunction was filed on May 23, 2022. But for the district court's abuse of discretion, this matter would not be before this Court at this time. The costs of delay in this matter are to be borne by the Defendant-Appellee. The court is obligated to fashion the most complete relief possible, which would naturally include back pay, etc.

### A. But for the district court's erroneous rulings, the Appellants would have been back to work and earning their pay from September 23, 2022.

The district court "got it wrong" twice, starting with its denial of the Appellants' Motion for Preliminary Injunction on September 23, 2022. That motion sought reinstatement and back pay. 2-ER-261:9. If the court had not abused its discretion at that time, the Plaintiffs-Appellants would have been reinstated and would have been receiving their pay, bonuses, pension service credits, etc., up until the present time. In other words, their "ante litem" status would have been preserved, which necessarily includes being paid from that time forward to today.

### B. Delays not attributable to either the employer or the employee are to be borne by a wrongdoing employer rather than a wronged employee.

The U.S. Supreme Court has held that the costs of delay not attributable to either the employer or the employee are to be borne by a wrongdoing employer rather than a wronged employee. *See*, *N.L.R.B. v. J.H. Rutter-Rex Manufacturing Co*., 396 U.S. 258, 264-66 (1969); *see also*, *Kraszewski v. State Farm Gen. Ins. Co.*, 912 F.2d 1182, 1186 (9th Cir. 1990). In other words, the Appellee bears the cost of the lower court's abuse of discretion for the last three (3) years and must pay the Plaintiffs for their constructive discharge. The Appellee herein is basically

arguing that the lower court is required to place the consequences of its own delay upon the wronged Appellants to the benefit of the wrongdoing Appellee, in direct derogation of Supreme Court authority and equitable principles behind Title VII.[1]

### C. Title VII obligates the court to fashion the most complete relief possible.

Title VII grants a district court broad discretion to formulate a remedy for victims of unlawful discrimination; however, the court has an obligation to fashion the most complete relief possible. *See*, *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418 (1975) ("the [district] court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future"). In this matter the most complete relief possible is the imposition of back pay on the employer.

[1] "While *Rutter-Rex*, involved the National Labor Relations Act ("NLRA"), as amended, 61 Stat. 136, 147, 29 U.S.C. § 141 et seq., we find the rules to be equally applicable in Title VII cases. The remedial provisions of Title VII were modeled on the NLRA. *See*, *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 226 (1982) (superseded by statute); *see also*, *Albemarle*, 422 U.S. at 419, (The "make whole" purpose of Title VII is made evident by the legislative history. The backpay provision was expressly modeled on the backpay provision of the National Labor Relations Act. Under that Act, "[m]aking the workers whole for losses suffered on account of an unfair labor practice is part of the vindication of the public policy which the Board enforces").

## II. Deciding the equitable issues is not the end of the Appellants' claims. There will be no prejudice to the Appellee if Appellants are awarded back pay. The Appellee is confused over the difference between equitable and legal claims. The Appellee has conceded that back pay is an equitable claim. Equitable claims are tried to the court.

### A. There is no prejudice to the Appellee if Appellants are awarded back pay.

Any back pay will be reduced by the amounts already paid to Appellants via their pensions. Any additional monies paid to the Appellants as back pay can be clawed back by deducting said amounts from their future pension payments. As such, awarding back pay cannot be prejudicial to the Appellee.

### B. The Appellee is confused over the difference between equitable and legal claims and remedies. Compensatory damages remain and must be tried.

Apparently the Appellee is confused over the difference between equitable and legal claims. Deciding the equitable issue of back pay leaves the legal claim of compensatory damages for trial. "Compensatory damages may include future pecuniary losses, emotional damages, suffering, inconvenience, mental distress, hedonic losses, and other nonpecuniary losses." *Reeb v. Ohio Dep't of Rehabilitation & Corr*., 435 F.3d 639, 647 (6th Cir. 2006). Back pay is retrospective, aimed at restoration. Damages (e.g., front pay, emotional distress) are prospective, aimed at compensating plaintiffs for matters that occurred after the incidents that gave rise to the litigation. The aforementioned legal damage claims

will exceed the equitable claims in this matter and are the only claims subject to a jury trial because equitable claims are tried to the court.

**C. Equitable claims are tried to the court.**

In Title VII cases, the courts have relied on the fact that the decision whether to award back pay is committed to the discretion of the trial judge. *Albemarle*, 422 U.S. at 443 (Rehnquist, J., concurring) ("To the extent . . . that the District Court retains substantial discretion as to whether or not to award **backpay** notwithstanding a finding of unlawful discrimination, the nature of the jurisdiction which the Court exercises is equitable, and under our cases neither party may demand a jury trial." (emphasis added)).

**D. The Appellee concedes that under Title VII, back pay is an equitable remedy.**

Appellee concedes that back pay is an equitable remedy. (Appellee's brief at 19). It then claims equitable relief is not available when there is an adequate remedy at law. Appellee still does not understand that in this matter, an adequate remedy at law applies only to damages, not the Appellants' equitable claim. Reinstatement is an equitable remedy, and it carries with it back pay, also an equitable remedy. Appellee forgets that this Court found that Appellants suffered irreparable harm, and on that basis, and others, ordered the lower court to grant the motion for preliminary injunction, which carries with it the equitable remedy of reinstatement ante litem. Reinstatement is an equitable remedy, outside the scope

of legal damages in this matter. As argued below, the district court has in essence already tried the issue of back pay.

## III. "The law of the case" doctrine and its application herein.

### A. The "law of the case" doctrine.

The "law of the case" doctrine generally precludes a court from reconsidering an issue that has been previously decided by the same court, or a higher court in the same case. *United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997). For the doctrine to apply, the issue in question must have been decided either explicitly or by necessary implication in the prior disposition. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993), *cert. denied*, 508 U.S. 951 (1993). The doctrine is not a limitation on the court's power, but a guide to discretion. *Arizona v. California*, 460 U.S. 605, 618 (1983). The "law of the case" doctrine is subject to the following exceptions: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Id*. (citations, quotation marks, and footnote omitted). Here, none of the three exceptions applies. *Earl Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002).

### B. The "law of the case" doctrine applies herein.

The employer is the proven wrongdoer in this matter. This Court in *Keene I* found that (1) the Appellants had sincere religious beliefs that conflicted with

taking the vaccine at issue; (2) the vaccine manufacturers used fetal cells to test vaccine efficacy; (3) the Appellants requested religious exemptions and were denied; and (4) Appellants were retired under threat of termination for failure to vaccinate. 2-ER-130–131. This Court found in *Keene II* that (1) alternative accommodations to vaccination were available; (2) the Appellee failed to show that the alternative accommodations imposed an "undue hardship"; (3) Appellants satisfied their burden on all factors necessary to impose a preliminary injunction; and (4) thus the employer wrongfully discriminated against the Appellants, and as a result this court granted their motion for a preliminary injunction, the purpose of which was to maintain the status quo "ante litem," i.e., the Appellants' status before the litigation began. 2-ER-108–114.

The Appellee's argument is to basically ignore the above facts; that is an affront to the dignity of this Court. As far as equitable issues are concerned, what is there left to prove? The district court asked for additional briefing on the issue of back pay. That briefing was provided by both parties. Appellants aver that that was, in essence, a trial on the issue of whether back pay should be awarded. Once again, the district court decided against the Appellants on the flimsiest of excuses, i.e., the failure to ask for back pay (even though it was asked for), thereby abusing its discretion. In other words, the equitable issue of back pay is ripe for this Court's decision. This Court need not wait when a question could not possibly be affected

by deference to a trial court's fact finding or fact application, or a litigant's further development of the factual record. *Planned Parenthood of Greater Wash. v. United States HHS*, 946 F.3d 1100, 1111 (9th Cir. 2020) (citing *Turf Paradise, Inc. v. Ariz. Downs*, 670 F.2d 813, 821 (9th Cir. 1982)). This court can exercise its equitable discretion to reach the merits of this case when the court below did not. *Planned Parenthood*, 946 F.3d at 1108.

Not only has this Court determined the relevant facts, an argument to the effect that the wrong form of motion was used would exalt form over substance. Procedure should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding. *See*, Fed. R. Civ. Proc., Rule 1. "It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).

Appellate courts "have frequently instructed district courts to determine the true nature of a pleading by its substance, not its label." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("We have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label'"). *Bros, Inc. v. W. E. Grace Mfg. Co.*, 320 F.2d 594, 607 (5th Cir. 1963). Thus, the form of the arguments presented to the

lower court is not important; the substance is important. And the substance of the arguments at the district court constituted a trial on the issue of back pay. *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005).

The matter before this Court concerns the interpretation of its ruling granting the Appellants' motion for preliminary injunction. The issue does not concern jurisdiction, timeliness, or any statutory prerequisite that might be prejudicial to the Appellee. In their motion to enter an order, and subsequent briefs, the Appellants gave fair notice of what was at issue. The Appellees had the opportunity to respond and did in fact do so. There is nothing left to brief and no further arguments to be made regarding the application of this Court's ruling in *Keene II*. The issue before this Court was fully tried below. In the sound exercise of equitable jurisdiction, and in accord with the argument regarding the law of the case doctrine, there is no reason for this court not to rule on the merits of this appeal and to determine that back pay is required in this matter. *Planned Parenthood*, *supra*, at 1108, 1111.

## IV. The Appellee has misrepresented facts.

### A. Appellants did request back pay and invoked the court's equitable jurisdiction. The Chancellor in equity has an independent duty to render the appropriate relief.

Appellee claims throughout its brief that the Plaintiffs failed to ask for back pay. It seems to follow the adage that when the law is not in your favor, argue the facts, and if the facts are not in your favor simply make them up. The proposed

order in the Plaintiffs' Motion for Preliminary Injunction specifically asks for back pay. 2-ER-261:9. (The lower court referred to this in its order). The prayer for relief in the complaint invokes the equitable jurisdiction of the court. 2-ER-273:15. Furthermore, the court has a duty to render the appropriate relief, whether asked for or not. *Robinson v. Lorillard Corp.*, 444 F.2d 791, 804 (4th Cir. 1971).

**B. Appellee states that Appellants did not ask for additional time to provide specific calculations, thereby proving they did not read the supplemental brief and declarations, or that they are continuing to make up facts.**

The Appellee avers that the Appellants did not state that they needed additional time to provide specific calculations because their experts were unavailable. Appellee's Answering Brief at 13. Apparently, it failed to read the briefs. Expert witness time constraints were pointed out. 2-ER-10–11, 2-ER-78:21-22. It was expressly pointed out that Appellants would provide the specific amounts requested as soon as they were available. Appellee's citation to *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066, n. 5 (9th Cir. 2003), is unavailing because the Appellee was on notice that the calculations were going to be provided at a later date; **providing the calculations was not new matter as far as the reply was concerned**. What is particularly galling is that the Appellee asked for relief in the alternative, i.e., time to provide its calculations (showing that it did not suffer prejudice by the Appellants providing their figures) or striking the Appellants' expert calculations. The court chose the alternative that proves up its abuse of

discretion, i.e., it struck the Appellants' calculations even though it had expressly asked for them (2-ER-84) and even though its order granting the administrative motion to strike was not in line with Local Rule 7-11. Further, the calculations were not even necessary for the court to rule—the court could have ordered the requested relief by category (back pay, bonuses, pension service credit, etc.) and thereafter set a time for an evidentiary hearing on the specific amounts. The Plaintiffs below suggested that. 2-ER-78:20-22.

## V. The merits of the Appellants' case have already been decided. The law of the case applies. There is authority for back pay being paid after a preliminary injunction.

### A. The Appellants' case for back pay has been prosecuted.

Appellee states that back pay and other relief may only be awarded after a decision on the merits. Appellees' Answering Brief at 15. What it does not understand is that the case at issue has been prosecuted to the lower court and this appellate court. The Appellee took the depositions of the Appellants and conducted extensive written discovery as well. The lower court, as befits the continued abuse of its discretion, did not allow the Appellants the same privilege. Nevertheless, the facts regarding the Appellants' claims were fully disclosed and the legal issues fully briefed. There is nothing left to say or provide except for the relief requested. As pointed out in Argument III above, the law of the case applies herein. The lower court, and this court on review, have found all the essential evidentiary matters that

lead to resolution of the Appellants' equitable claims. The only matters left outstanding are the Appellants' damage (legal) claims, and only those will be tried to a jury. In other words, the Appellants have successfully prosecuted their case for equitable relief.

The Appellee's argument that a preliminary injunction does not decide the merits fails to consider that the district court abused its discretion three (3) years ago. According to the Appellee, the clock for "ante litem" relief started when the court, under direct order by this Court, entered a ruling granting the Appellants' motion for preliminary relief. However, if "ante litem" means anything at all it means the clock on the motion for preliminary injunction started at the latest on September 23, 2022 (the first order denying the motion), or at the earliest on May 23, 2022 (the day the motion was filed). If the court had granted the motion when it should have, we would not be having this argument. Three (3) years ago the Appellants would have been reinstated and would have collected their pay, bonuses, and service credits, etc. Appellee does not inform us why this Court should ignore the Supreme Court's ruling in *N.L.R.B. v. J.H. Rutter-Rex*, 396 U.S. at 264-66. The Appellee does not tell us why the Appellants should bear the brunt of the lower court's incorrect rulings. They do not tell us because they cannot tell us. Put simply, the Appellants should not suffer the loss of their back pay because of the lower court's incorrect rulings.

### B. Authority supports back pay is due after a preliminary injunction is granted.

In *Barnes v. Rourke*, No. 6352, 1973 U.S. Dist. LEXIS 14362 (M.D. Tenn. April 12, 1973), cited with approval by *Pegues v. Mississippi State Employment Service*, 899 F.2d 1449, 1451, fn. 40 (5th Cir. 1990), a woman claimed that a newspaper advertising agency was liable for discrimination based on sex. The court found that the ad agent never tried to ascertain whether sex was in fact a bona fide occupational qualification for the advertised positions. The court entered a preliminary injunction prohibiting further violations of Title VII. However, it later found that the ad agency had not followed the terms of the injunction, and the court ordered it to pay back pay, with interest, attorneys' fees, and costs.

In *Davis v. San Francisco Municipal Railway*, No. C 75 2077 SW, 1975 U.S. Dist. LEXIS 16947, at *1 (N.D. Cal. Dec. 8, 1975), the plaintiff was a bus driver who, for religious reasons, would not work on Friday nights and Saturday daytimes. After he was fired, he filed suit under Title VII, **and obtained a preliminary injunction reinstating him with back pay**. Much like the case at bar, the court ruled that the plaintiff had stated a claim for religious discrimination and also found that the defendant had failed to reasonably accommodate the plaintiff.

The instant case is one where damages are "intertwined with claims for injunctive relief." *Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994)

(citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 573 (1990)). The Fifth Circuit has held that when a plaintiff seeks reinstatement to a position he held before an alleged legal violation deprived him of that position, a "prayer for back pay is not a claim for damages" but "an integral part of the equitable remedy of injunctive reinstatement." *Schelske v. Austin*, No. 6:22-CV-049-H, 2023 U.S. Dist. LEXIS 163101, at *102 (N.D. Tex. Sep. 14, 2023) (citing *Harkless v. Sweeny Indep. Sch. Dist.*, 427 F.2d 319, 324 (5th Cir. 1970)). That is because "[a]n inextricable part of the restoration to prior status is the payment of back wages properly owing to the plaintiff[], diminished by [his] earnings, if any, in the interim." *Id*. Stated differently, "[b]ack pay is merely an element of the equitable remedy of reinstatement." *Id*.

A court that finds unlawful discrimination "may enjoin [the discrimination] . . . and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement . . . with or without back pay . . . or any other equitable relief as the court deems appropriate." *Bollenbach v. Board of Education*, 659 F. Supp. 1450, 1473 (S.D.N.Y. 1987) (citing 42 U.S.C. § 2000e-5(g)).

In the instant case, an injunction was entered; however, in the Appellants' view the terms of the injunction were ignored, much like the case in *Barnes*. The ignored term is "ante litem." The lower court ordered reinstatement but failed to

place the reinstatement as of three (3) years ago, thereby depriving the Appellants of their back pay. This Court can cure that deficiency.

**VI. The Appellants' citations are inapposite. They do not concern Title VII and religious liberties.**

*Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329 (5th Cir. 2013), is a trade secrets case. The company alleged that former employees unlawfully shared trade secrets. The Fifth Circuit ruled that the district court erred in concluding that injuries to goodwill and competitive position were compensable by monetary damages because injuries were considered irreparable where trade secrets had been misappropriated. This case has nothing to do with Title VII or religious civil liberties.

In *Winter v. NRDC, Inc.*, 555 U.S. 7 (2008), the plaintiffs claimed the Navy's use of sonar was interfering with whales. The district court's grant of a preliminary injunction was overruled on national security grounds. This case has nothing to do with Title VII or even humans. It is often used to explain the four factors used in granting a motion for preliminary injunction, all of which the Ninth Circuit found that Plaintiffs had established.

*Anderson v. United States*, 612 F.2d 1112 (9th Cir. 1979), concerned an Air Force employee that was not given a priority promotion after being promised one. Unlike the Plaintiffs' case, the Court concluded that the appellant was not likely to prevail on the merits and there was little likelihood that she would have received

the position had she been given priority consideration. This was not a Title VII case.

In *Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981), a student filed an action to require the university to provide an interpreter. The district court entered a preliminary injunction for the student, and the university appealed. Before the appeal was heard, the student graduated from the university. The court ruled that the injunction was moot but not the underlying issue of who was responsible to pay for the interpreter. It is not a Title VII case nor does it concern religious civil liberties.

*System 99 v. System 101*, 35 Cal. App. 3d 170 (1973), concerned a trade name and service mark dispute. It was not a Title VII case. The court ruled that a preliminary injunction maintains the status quo until a final resolution on the merits. Plaintiffs herein agree; however, the Ninth Circuit has determined what the status quo is in the instant case—it is the status quo "ante litem." Before litigation commenced in the instant case, the Plaintiffs were working for the Defendant and receiving their pay, annual cost of living adjustments, and other benefits. Therefore, they need to be restored to what was lost over the last three-and-a-half (3.5) years. Restitution of back pay is not damages.

*Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415 (9th Cir. 1984), is another trademark case concerning the right to use a certain term to

identify home computer strategy games with high-resolution graphic displays. The case has nothing to do with Title VII. However, it does prove a point for the Appellants. In the same case the court states as follows:

> We have the power to consider the merits and conclude the litigation, if that is appropriate. It is settled that an appeal from an order granting or refusing an injunction (28 U.S.C. § 1292(a)(1)) brings before the appellate court the entire order, not merely the propriety of injunctive relief, and that **the appellate court may decide the merits of the case** and order dismissal of the action.

*Sierra On-Line, Inc.*, 739 F.2d at 1422 (emphasis added); in accord and also cited by *Sierra*, *Barrett v. Smith*, 530 F.2d 829, 830-31 (9th Cir. 1975).

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873 (9th Cir. 2009), is another trademark infringement case concerning the formulation of a dietary supplement, i.e., it is not a Title VII case. The court affirmed the grant of a preliminary injunction; however, it vacated the requirement of recall and restitution and remanded the case to determine whether the infringement was willful and whether the risk of confusion to the public and injury to appellee was greater than the burden of recall to appellant. The instant case has no such problem—the imposition of the vaccine mandate and constructive firing of the Plaintiffs only happened due to the willful acts of the Defendant. Therefore, restitution is appropriate, especially considering that Title VII requires it. *See*, *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 763-66 (1976); 42 U.S.C. § 2000e-5(g)(1). Furthermore, the quote provided by the Appellee (Appellee's Answering

Brief at 17) establishes the point being made by the Appellants. The *Marlyn* court was concerned with the factual record being materially different than the record provided on the preliminary injunction. *Marlyn*, 571 F.3d at 876-77. That is not the case herein. The Appellee has taken the deposition of the Appellants and conducted discovery consisting of written questionnaires from the Appellee. The Appellants have provided declarations under penalty of perjury and verified their complaint. These facts were before this Court in *Keene I* and *Keene II*. There are no further facts that would assist the Appellee in countering the arguments brought before this Court.

*Sports Form, Inc. v. United Press International, Inc.*, 686 F.2d 750 (9th Cir. 1982), concerned a horse race publication suing over a putative illegal tying arrangement. It is not a Title VII case. The court affirmed the denial of appellant horse race publication's request for a preliminary injunction. Unlike the instant case, the court concluded that the appellant had demonstrated no chance of success on the merits. The *Sports Form* court, *id*. at 753, stated, "The district court's findings supporting its order granting or denying a permanent injunction may differ after presentation of all the evidence and so may our determination as to whether its subsequent findings are clearly erroneous." Again, this is simply not the case herein. The factual record herein is complete. There are no other facts that would help the Appellee counter the necessity to disgorge the Appellants' back pay.

*EEOC v. Chrysler Corp.*, 546 F. Supp. 54 (E.D. Mich. 1982), is an ADEA case. The purpose of the ADEA is to eliminate age discrimination in the workplace. It can be analogized to Title VII which focuses on the elimination of discrimination due to sex, race, national origin, and religion. However, the ADEA is enforced under the provisions of the Fair Labor Standards Act (FLSA). The Appellee, in citing this case, forgot to mention that, unlike the instant case, the court did not order back pay because the plaintiffs had failed to show irreparable harm. *Id*. at 72. Another interesting fact is that the EEOC sought back pay, with interest, and liquidated damages. Not only did the EEOC have the authority to seek back pay, interest, and liquidated damages, it is likely that it would have gotten those items if the plaintiffs had shown irreparable harm.

*In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137 (3d Cir. 1982), is a trademark infringement case concerning back royalties. The court vacated the appellee's preliminary injunction because the district court lacked equitable power to order payment of back royalties in an injunction, and because appellee failed to demonstrate irreparable harm or likelihood of success on the merits. This case has nothing to do with Title VII or its remedies.

*Franklin v. Gwinnett County Pub. Sch.*, 503 U.S. 60 (1992), is a Title IX sexual harassment case. No equitable remedy was available because the female student had graduated and the person she claimed subjected her to sexual

harassment no longer taught at the school. The Court held that Title IX provided a damages remedy for the student because the Court presumed the availability of all appropriate remedies unless Congress had expressly indicated otherwise. And where liability was created by statute without a remedy, it would have been enforced by a common law action. The ruling in this case is inapposite to the point presented by the Appellee. Citing to *Davis v. Passman*, 442 U.S. 228, 241 (1979), the Court held that if a right of action exists to enforce a federal right and Congress is silent on the question of remedies, a federal court may order any appropriate relief. *Id.* at 247, n. 26. The general rule, therefore, is that absent clear direction to the contrary by Congress, the federal courts have the power to award any appropriate relief in a cognizable cause of action brought pursuant to a federal statute. *Franklin*, 503 U.S. at 71. In the instant case the matter is made very easy—Congress has specifically authorized back pay and the court would be abusing its discretion to not order it. *See*, § 706(g) [of 42 U.S.C. § 2000e-5(g)]; *Albemarle Paper Co*., 422 U.S. at 412, 418.

*Schroeder v. United States*, 569 F.3d 956 (9th Cir. 2009), was a quiet title dispute over prepayment of a low-income loan provided under the Emergency Low Income Housing Preservation Act of 1987 (ELIHPA). It is not a Title VII case. The court determined that equitable relief was foreclosed, i.e., not available because of a violation of ELIHPA. In raising a legal argument regarding FEHA, the defendant

can only be characterized as being disingenuous. In the instant case not only is equitable relief available, this Court has ordered it. Violations of Title VII carry the equitable remedy of back pay and all that flows from such pay.

As shown above, the Appellee's cites are inapposite. None concern Title VII or the equitable remedies specifically authorized by Congress for violation of Title VII. Further, Appellee failed to analyze the multiple cases cited by the Appellants.

**VII. The court abused its discretion by granting an administrative motion to strike. Appellee failed to cite authority that Local Rule 7-11 can be used to strike a substantive matter.**

**A. Local Rule 7-11.**

The court recognizes that during the course of case proceedings a party may require a court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, federal rule, local rule, or standing order of the assigned judge. Administrative motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

**B. Appellee has failed to cite authority regarding the use of Local Rule 7-11 to strike evidence.**

Without citing to authority, Appellee states that Local Rule 7-11 allows parties to file administrative motions to strike. It quotes, and then ignores, the plain language of Rule 7-11 which states in part that it applies to "administrative matters." Evidence is not a miscellaneous matter; it is substantive in nature.

Granting an administrative motion to strike was an abuse of discretion. The court in *Tuttle v. Sky Bell Asset Mgmt., LLC*, No. C 10-03588 WHA, 2011 U.S. Dist. LEXIS 25048, at *6 (N.D. Cal. Feb. 28, 2011), said it best:

> In the future all parties shall not file motions concerning substantive matters disguised as motions concerning miscellaneous administrative matters under Civil Local Rule 7-11. . . . The parties shall not evade that requirement by filing their substantive motions as administrative motions.

By granting the Rule 7-11 motion to strike, the district court abused its discretion.

## CONCLUSION

For the foregoing reasons, this Court should overrule the district court and restore the Appellants' evidence regarding back pay, and should order such back pay for the Appellants, subject to additional evidence due to the time delay in hearing this matter. The categories of back pay should include hourly pay, additional pension service credits, cost of living adjustments, vacation and sick time lost, interest on the back pay, and tax gross ups. Their back-to-work status should be with full seniority and not a rehire as if they are new employees. Alternatively, the Court can order back pay, etc. and remand the case for a further evidentiary hearing on the amounts in question.

Respectfully submitted this 24th day of November 2025,

/s/ Russell Davis
Russell Davis
PACIFIC JUSTICE INSTITUTE

*Attorney for Plaintiffs-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to FRCP 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached opening brief is proportionately spaced, has a typeface of 14-point, is composed in Times New Roman font, and contains no more than 14,000 words. According to Microsoft Word's "Statistics" this document contains: 5,378 words.

/s/ Russell Davis
Russell Davis

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I electronically filed the foregoing with the Clerk of the Court for the U.S. Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Dated: November 24, 2025

/s/ Russell Davis
Russell Davis